FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

00 JUN 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 2 0 2000

| | | |
|---|---|---|
| GREGORY CALDWELL, | ) | |
| | ) | CIVIL ACTION NUMBER |
| Plaintiff, | ) | |
| | ) | 99-C-116-NE |
| v. | ) | |
| | ) | |
| CITY OF HUNTSVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

On January 20, 1999, Plaintiff Gregory Caldwell brought this action alleging outrage, false imprisonment, and violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. On May 17, 1999, this Court entered an order dismissing plaintiff's outrage claims. Pending before the Court is a Motion for Summary Judgment filed by Defendant the City of Huntsville. Upon careful consideration of all submitted materials, the Court concludes that Defendant is entitled to summary judgment as a matter of law.

### I. BACKGROUND

The facts, presented in a light favorable to plaintiff, are as follows.

On November 28, 1996, plaintiff was arrested on charges of resisting arrest, disturbing the peace, harassment, driving with an expired tag, and driving with a revoked license.



Plaintiff's criminal trial on these charges was scheduled for January 17, 1997. Upon learning of the trial date, plaintiff's attorney contacted the prosecutor to determine whether or not plaintiff needed to appear on this date. Plaintiff's attorney was informed that the trial would be continued pending a further investigation of the charges. The prosecutor failed to inform the trial judge of the agreed continuance. Consequently, the trial judge charged plaintiff with "failure to appear" and issued a bench warrant for plaintiff's arrest. Plaintiff was thereafter arrested on this warrant on Friday, January 24, 1997, toward the end of the business day.

Upon learning of plaintiff's arrest, plaintiff's attorney contacted the City of Huntsville's attorney who apologized for the mistaken arrest. Plaintiff's attorney thereafter contacted the prosecutor who advised he was leaving for the day, that the trial judge had left for the day, and that the matter would have to be resolved on Monday, January 27, 1997, which would be plaintiff's next court date. Plaintiff's attorney went to the jail requesting plaintiff's release but was informed that only the trial judge could order plaintiff's release. Plaintiff's attorney then attempted to reach the trial judge but was unable to do so because he had an unlisted telephone number. Plaintiff's attorney then contacted two other trial judges in an effort to secure plaintiff's release, but neither one was able to do so. Plaintiff remained in jail over the Super Bowl weekend and was released on Monday, January 27, 1997 when he appeared before the trial judge and was acquitted on the "failure to appear" charge.

## II. LEGAL STANDARDS

The law governing summary judgment is well settled.  Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law.  See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact.  See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991).  The court must view the facts in a light favorable to the non-moving party.

## III. DISCUSSION

After reviewing the entire record, this Court finds that the City of Huntsville is entitled to summary judgment as a matter of law.

Section 1983 municipal liability attaches where the plaintiff can identify a municipal policy or custom and then prove "an affirmative link" between that policy or custom and the alleged constitutional violation.   City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985).  According to the Supreme Court, adherence to these principles ensures that a municipality is not held liable under Section 1983 unless it was the "moving force" behind a constitutional deprivation.  Bd of County Commissioners v. Brown, 117 S. CT. 1382, 1388 (1997).  Similarly, the Supreme Court has unequivocally held that an isolated incident of police misconduct cannot create Section 1983 municipal liability, within the meaning of Monell,

3

absent proof that the unconstitutional act was committed by a municipal "policymaker" Tuttle, 471 U.S. at 823-24.

In this case, plaintiff simply states in his complaint that the City of Huntsville maintains a policy and/or custom to enforce the wrongful arrest of its citizens and/or maintains a policy and/or custom to not maintain emergency after-hours means of releasing persons from jail who are unlawfully incarcerated. Plaintiff has failed to provide any evidence suggesting that City of Huntsville has a "policy" or 'custom" of ratifying or enforcing the wrongful arrest or incarceration of its citizens. Nor can plaintiff offer any evidence to show the City of Huntsville prosecutor, whom plaintiff alleges was principally responsible for the alleged wrongful arrest and incarceration was a "policymaker" for the City of Huntsville with respect to the alleged unconstitutional conduct.

In the absence of sufficient proof that plaintiff's constitutional injuries resulted from a policy/custom of the City of Huntsville, plaintiff's Section 1983 claims must fail because he is impermissibly attempting to impose Section 1983 liability against the City of Huntsville based on the doctrine of respondeat superior. Therefore, summary judgement shall be granted on plaintiff's Section 1983 claims.

Similarly, plaintiff's false imprisonment claim also fails as a matter of law because under Alabama law, "if an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is 'false' and, as a consequence, the complaining party's action must be one for malicious prosecution. Blake v. Barton Williams, Inc., 361 So.2d 376, 378 (Ala.Civ.App. 1978). The length of plaintiff's

4

incarceration did not render his imprisonment "false" because he was brought before a judge within seventy-two hours of his arrest in compliance with rule 4.3(b)(2)(i) of the Alabama Rules of Criminal Procedure.  Further, to the extent that plaintiff's false imprisonment claim is predicated on the actions of the City of Huntsville's prosecutor, trial judge, or police officer, the City of Huntsville is immune from liability. Plaintiff cannot establish a claim for false imprisonment and summary judgment for defendant is appropriate.

## CONCLUSION

Based on the foregoing, the defendant's Motion for Summary Judgment will be granted as a matter of law by separate order.

DONE this _27th_ day of June 2000.

UNITED STATES DISTRICT COURT
U.W. CLEMON

5